IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF FISH TRAP )<br>CHARTERS, LLC AS OWNER OF THE )<br>F/V FISH TRAP V FOR EXONERATION )<br>FROM OR LIMITATION OF LIABILITY ) | CIVIL ACTION NO. 21-00156-KD-N |
| IN THE MATTER OF BLOODSPORT )<br>CHARTERS, LLC AS OWNER OF THE )<br>F/V BLOODSPORT FOR EXONERATION )<br>FROM OR LIMITATION OF LIABILITY ) | CIVIL ACTION NO. 21-00157-JB-B |

**ORDER**

This action is before the Court on the unopposed Motions to Consolidate filed by Claimant/Counterclaimant Marina Village Owners Association, LLC (Civil Action No. 21-00156-KD-N, doc. 14; Civil Action No. 21-00157-JB-B, doc. 13). Upon consideration, and for the reasons set forth herein, the Motions are **GRANTED**. Accordingly, the consolidated actions shall proceed under Civil Action No. 21-00156-KD-N for all purposes and future documents shall be filed and docketed in this action. See S.D. Ala. Civ. L.R. 42(a), (b). The Clerk is directed to extract documents 1 through 19 from Civil Action No. 21-00157-JB-B, make those documents part of Civil Action No. 21-00156-KD-N, and close Civil Action No. 21-00157-JB-B.

I. Background

The complaints for exoneration from or limitation of liability arise from two vessel allisions that occurred during Hurricane Sally. Plaintiffs allege that the F/V Fishtrap V and the F/V Bloodsport broke from their moorings and allided with the same property in Orange Beach, Alabama. Claimant Marina Village Property Owners Association, LLC, filed answers, claims, and counterclaims, and then moved to consolidate the actions. An order was entered wherein the Plaintiffs were given until June 21, 2021, to respond to the motions to consolidate. To date, no response has been filed.

II. Analysis

In relevant part, Rule 42(a) of the Federal Rules of Civil Procedure provides that the Court may consolidate civil actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). The Court of Appeals for the Eleventh Circuit has explained that

> Rule 42(a) codifies the district court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal citations omitted). A trial court's decision to consolidate suits is discretionary. Id.
>
> When deciding if separate lawsuits should be consolidated into a single action, a trial court weighs several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials. See Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).

Blitz Telecom Consulting, LLC v. Peerless Network, Inc., 727 Fed. Appx. 562, 570 (11th Cir. 2018).

Review of the complaints indicate that the actions share common questions of law because both Plaintiffs invoke the Court's admiralty and maritime jurisdiction and seek limitation of liability pursuant to Supplement Rule F of the Supplemental Rules for Admiralty or Maritime Claims.   Also, Plaintiffs allege similar facts in their complaints. Both vessels allided with the same property after breaking from their respective moorings during the hurricane. Additionally, the burden on the parties, witnesses, and the Court as well as the length of time and relative expense involved in conducting two separate trials will be reduced by consolidation. Because the relevant factors weigh in favor of consolidation, the motions are due to be granted.

DONE and ORDERED this the 6th day of August 2021.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE
